Calvin C. JOHNSON, Petitioner—
Appellant,

v.

Tom L. CAREY, Warden, Respondent—
Appellee.

No. 07–15075.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 7, 2007.

Filed Jan. 22, 2008.

Rawlinson, Circuit Judge, concurred in the result.

Michael B. Bigelow, Esq., Sacramento, CA, for Petitioner–Appellant.

Janis Shank McLean, Esq., AGCA–Office of the California Attorney General, Sacramento, CA, for Respondent–Appellee.

Before: B. FLETCHER, TASHIMA, and RAWLINSON, Circuit Judges.

MEMORANDUM *

Defendant–Appellant Calvin C. Johnson ("Johnson") appeals the district court's denial of his 28 U.S.C. § 2254 habeas petition challenging his conviction for second degree burglary under California state law. The sole claim before us is whether Johnson's counsel was ineffective because she did not raise, at the time of trial, any issue regarding Johnson's competence. Because we agree that the record is devoid of any

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

indication that Johnson exhibited symptoms of incompetence known or knowable to trial counsel at the time of trial, we affirm.

A district court's decision to grant or deny a habeas petition pursuant to 28 U.S.C. § 2254 is reviewed *de novo*. *Rodriguez Benitez v. Garcia*, 495 F.3d 640, 643 (9th Cir.2007). Habeas petitions brought pursuant to AEDPA, as Johnson's is, must demonstrate that the state court's decision was contrary to, or involved an unreasonable application of, clearly established federal law under United States Supreme Court precedent, or that the determination was based on an unreasonable determination of the facts. *Lockyer v. Andrade*, 538 U.S. 63, 70–73, 123 S.Ct. 1166, 155 L.Ed.2d 144 (2003). A state court decision "based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented at the state court proceeding." *Miller–El v. Cockrell*, 537 U.S. 322, 324, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003); 28 U.S.C. § 2254(d)(2).

To prevail on a claim for ineffective assistance of counsel, Johnson "must show [1] that counsel's performance was deficient—that is, that it fell below an objective standard of reasonableness—and [2] that 'counsel's errors were so serious as to deprive [Johnson] of a fair trial.'" *Davis v. Woodford*, 384 F.3d 628, 641 (9th Cir. 2004) (quoting *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).) Review of counsel's performance under the first *Strickland* prong is "'highly deferential' and must adopt the counsel's perspective at the time of the challenged conduct in order to 'avoid the distorting effects of hindsight.'" *Jen-*

*nings v. Woodford*, 290 F.3d 1006, 1012 (9th Cir.2002) (quoting *Strickland*, 466 U.S. at 689, 104 S.Ct. 2052).

Johnson argues that his counsel was ineffective based principally on the fact that, several months after his trial but prior to sentencing, the trial court declared Johnson incompetent. The trial court's determination of incompetence was made in reliance on two reports by a state psychologist. But neither of the psychologist's reports opined that Johnson was incompetent at the time of trial.[1] Nor is there any other evidence from the trial record suggesting that Johnson was incompetent at that time. Thus, Johnson's counsel was under no obligation to investigate or raise his competence and her performance was not deficient for failing to do so. *Douglas v. Woodford*, 316 F.3d 1079, 1085 (9th Cir.2003) ("Trial counsel has a duty to investigate a defendant's mental state *if there is evidence to suggest that the defendant is impaired*.") (emphasis added). If anything, the trial record affirmatively shows that Johnson-who inquired about the racial composition of the jury and the manner of proof for his prior convictions-had a "rational as well as factual understanding of the proceedings against him" at that time. *Godinez v. Moran*, 509 U.S. 389, 396, 113 S.Ct. 2680, 125 L.Ed.2d 321 (1993) (internal citation omitted). The reviewing state court's decision, which rejected Johnson's claim for ineffective assistance counsel on this record, was therefore not "objectively unreasonable." *Miller–El*, 537 U.S. at 324, 123 S.Ct. 1029.

AFFIRMED.

---

1. Johnson was committed to a state mental hospital shortly after the trial court declared him incompetent. Approximately three months later Johnson was found to be competent by the doctors there, based in part on a diagnosis that his prior symptoms of psychosis were actually symptoms of malingering.

RAWLINSON, Circuit Judge, concurring:

I concur in the result.